# UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| *versus* | : | CRIMINAL NO. 21-25-JWD-RLB |
| | : | |
| JASON BROWN | : | |

## PLEA AGREEMENT

The United States Attorney's Office for the Middle District of Louisiana ("the United States") and Jason Brown ("the defendant") hereby enter into the following plea agreement pursuant to Fed. R. Crim. P. 11(c).

## A.     THE DEFENDANT'S OBLIGATIONS

### 1.     Guilty Plea

The defendant agrees to enter a conditional plea of guilty to Count 3 of the Indictment charging him with illegal possession of device-making equipment, in violation of Title 18, United States Code, Section 1029(a)(4), reserving his right to appeal the Court's July 24, 2023, Ruling and Order (Rec. Doc. 68) denying the defendant's *Motion to Suppress* (Rec. Doc. 35), and the Court's April 8, 2024 Ruling and Order (Rec. Doc. 113) denying the defendant's *Motion to Dismiss Indictment due to Violation of Speedy Trial Act* (Rec. Doc. 86), pursuant to Fed. R. Crim. P. 11(a)(2).

### 2.     Financial Information

The defendant agrees to fully and truthfully complete the financial statement provided to him by the United States and to return the financial statement to the United States within

ten days of this agreement being filed with the Court. Further, the defendant agrees to provide the United States with any information or documentation in his possession regarding his financial affairs and to submit to a debtor's examination upon request. Any financial information provided by the defendant may be used by the United States to collect any financial obligations imposed in this prosecution and may be considered by the Court in imposing sentence.

**B.     UNITED STATES' OBLIGATIONS**

    **1.     Non-prosecution/Dismissal of Charges**

The United States agrees that, if the Court accepts the defendant's guilty plea, it will move to dismiss the remaining counts of the Indictment after sentencing, and it will not prosecute the defendant for any offense related to the offenses charged in the Indictment.

    **2.     Motion for Third Point for Acceptance of Responsibility**

The United States acknowledges that the defendant has assisted authorities in the investigation or prosecution of the defendant's own misconduct by timely notifying authorities of his intention to enter pleas of guilty, thereby permitting the United States to avoid preparing for trial and permitting the United States and the Court to allocate their resources efficiently. The United States therefore agrees that, if the Court finds that the defendant qualifies for a two-level decrease in offense level for acceptance of responsibility under USSG § 3E1.1(a) and, prior to the operation of USSG § 3E1.1(a), the defendant's offense level is 16 or greater, the United States will move the Court pursuant to USSG § 3E1.1(b) to decrease the defendant's offense level by one additional level. The United States reserves the right to object to a

decrease in offense level for acceptance of responsibility based on information received by the United States after the effective date of this agreement, including information that the defendant failed to timely submit the financial statement required by Section A(2) of this agreement.

### 3.     Consent to Conditional Plea

Pursuant to Fed. R. Crim. P. 11(a)(2), the United States hereby consents to defendant's entry of a conditional plea.

## C.     SENTENCING

### 1.     Maximum Statutory Penalties

The maximum possible penalty on Count 3 is a term of imprisonment of fifteen years, a fine of up to $250,000, or both, and a term of supervised release of three years.

In addition to the above, the Court must impose a special assessment of $100 per count which is due at the time of sentencing.  The Court may also order restitution.

### 2.     Supervised Release

Supervised release is a period following release from imprisonment during which the defendant's conduct is monitored by the Court and the United States Probation Office and during which the defendant must comply with certain conditions.  Supervised release is imposed in addition to a sentence of imprisonment, and a violation of the conditions of supervised release can subject the defendant to imprisonment over and above any period of imprisonment initially ordered by the Court for a term of up to two years, without credit for any time already served on the term of supervised release.

3.    **Sentencing Guidelines**

The Court will determine in its sole discretion what the defendant's sentence will be. While the Court must consider the United States Sentencing Guidelines in imposing sentence, the Sentencing Guidelines are not binding on the Court. The Court could impose any sentence up to the maximum possible penalty as set out above despite any lesser or greater sentencing range provided for by the Sentencing Guidelines.

4.    **No Agreement Regarding Sentencing**

Except as set forth in this agreement and the supplement to the plea agreement, the United States makes no promises, representations, or agreements regarding sentencing. In particular, the United States reserves the right to present any evidence and information, and to make any argument, to the Court and the United States Probation Office regarding sentencing.

5.    **Forfeiture**

The defendant admits that he owns the property identified in the Notice of Forfeiture in the Indictment and that such property was used or intended to be used to facilitate commission of the offense charged in Count 3 of the Indictment and/or was involved in the offense charged in Count 3 of the Indictment. He therefore agrees to forfeit his interest in such property and consents to the entry of orders of forfeiture for such property, including, but not limited to, the following:

- Apple iPhone, serial number 35659808Z044846;
- Apple iPhone, serial number 356600081041920;
- LG Nexus mobile phone, serial number 358239055660361;
- Deftun MSR X6 encoder; and
- Dell Inspiron laptop computer, serial number CVXS412.

The defendant understands that forfeiture of his property will not be treated as satisfaction of any fine, restitution, cost of imprisonment, or other penalty which may be imposed upon him as part of his sentence. The defendant further understands that, separate and apart from his sentence in this case, the United States may also institute civil or administrative forfeiture proceedings of any property, real or personal, which is subject to forfeiture. The defendant agrees to waive his interest in the property identified in the Notice of Forfeiture in the Indictment in any such civil or administrative forfeiture proceeding.

The defendant agrees to fully and truthfully disclose the existence, nature, and location of all assets and to fully and completely assist the United States in the recovery and forfeiture of all forfeitable assets, including taking all steps as requested by the United States to pass clear title to forfeitable assets to the United States. The defendant agrees to hold the United States, its agents, and its employees harmless from any claims whatsoever in connection with the seizure or forfeiture of property pursuant to the Court's forfeiture orders.

The defendant hereby waives the following: (1) all statutory and constitutional defenses to the forfeiture, including any claim that the forfeiture constitutes an excessive fine or punishment; (2) any failure by the Court to ensure at sentencing that the defendant is aware of the forfeiture or to incorporate the forfeiture in the judgment as required by Fed. R. Crim. P. 32.2(b)(4)(B); and (3) any failure by the Court to inform the defendant of, and determine that the defendant understands, the applicable forfeiture prior to accepting the defendant's plea.

**D.    <u>FACTUAL BASIS</u>**

The United States and the defendant stipulate to the following facts:

On or about November 2, 2018, the defendant, **JASON BROWN ("BROWN"),** knowingly possessed device-making equipment, in violation of Title 18, United States Code, Section 1029(a)(4).

Specifically, beginning in at least October 2018, and continuing through at least November 2, 2018, the defendant conspired with others, known and unknown, to obtain the materials necessary to produce counterfeit access devices, including, but not limited to, a Deftun MSR X6 card encoder and a laptop computer.

On November 2, 2018, the defendant and other co-conspirators used a credit card that had been altered and re-encoded to access the account of victim A.Z., without A.Z.'s knowledge or consent, to pay for a hotel room at the Wyndham Hotel on Bluebonnet Boulevard in Baton Rouge. Later that day, the Wyndham's security officer received a call reporting that A.Z.'s card had been used without permission at the hotel. The Wyndham identified that A.Z.'s card was used to rent the hotel room occupied by the defendant's co-conspirators and contacted the East Baton Rouge Parish Sheriff's Office ("EBRSO") to report the theft.

EBRSO deputies responded to the scene and notified the U.S. Secret Service's Southwest Louisiana Financial Crimes Task Force. EBRSO initiated contact with the defendant's co-conspirators, who attempted to flee the scene in a silver Toyota Sequoia bearing TN license plate #5K35II4 (hereinafter, "the vehicle."). Deputies approached the vehicle and successfully apprehended one of the defendant's co-conspirators. While doing so, deputies observed dozens of credit cards in plain view as well as credit card skimming device (model: MXR X6 Deftun Card Encoder) which they seized.

The defendant later returned to the scene and was stopped for questioning. Deputies requested and received permission to look in a small leather bag he was carrying. In the bag, deputies located a fraudulent Florida Driver's license in the name of victim D.B. but bearing the defendant's photo. Deputies also located seven (7) credit cards on the defendant's person. Using a card reader, agents with the Secret Service Task Force scanned the cards and determined that they had been re-encoded with account numbers that differed from those embossed on the cards. One of these cards was re-encoded with an account number belonging to victim C.Y. Agents later learned that card re-encoded with C.Y.'s account information had been used to rent the vehicle used by the defendant and his co-conspirators.

Agents obtained a search warrant for the vehicle used by the defendant and recovered several items, including a Dell Inspiron Laptop computer; blank access cards; and another counterfeit IL state driver's license with the defendant's photo and bearing the name victim D.Z. Agents also located approximately 22 unauthorized and counterfeit access devices that had been re-encoded to allow the defendant and other co-conspirators access to the financial accounts of victims.

On November 19, 2018, officers obtained a second search warrant to conduct a forensic analysis of the laptop that was found in the vehicle. The laptop contained additional credit card numbers in various locations on the hard drive, including extra track information associated with each card that would be used to re-encode the number onto a card. At least 22 of the counterfeit credit cards recovered from the scene were re-encoded with numbers located on the laptop.

Agents interviewed several victims, including victims D.B, C.Y., and A.Z. These victims confirmed that they did not know the defendant, and that they did not authorize the defendant or his co-conspirators to use their personal information and account numbers.

The defendant admits that, to the best of his knowledge and belief, the stipulated statement of facts is true and correct in all respects. The United States and the defendant agree that, had this matter gone to trial, the United States could have proved such facts. The United States and the defendant further agree that such facts are sufficient to support conviction of the offenses to which the defendant has agreed to plead guilty. The defendant understands that, by the terms of USSG § 6B1.4, the Court is not limited by the stipulated facts for purposes of sentencing. Rather, in determining the factual basis for the sentence, the Court will consider the stipulation, together with the results of the presentence investigation and any other relevant information.

## E.    BREACH AND ITS CONSEQUENCES

### 1.    Conduct Constituting Breach

Any of the following actions by the defendant constitutes a material breach of this agreement:

    a.    failing to plead guilty to Count 3 of the Indictment at re-arraignment;

    b.    representing, directly or through counsel, to the United States or the Court that he will not plead guilty to Count 3 of the Indictment;

c.    moving to withdraw his guilty plea;

d.    filing an appeal or instituting other post-conviction proceedings not authorized in Section F(2);

e.    disputing or denying guilt of the offense to which the defendant has agreed to plead guilty or denying or disputing any fact contained in the stipulated factual basis;

f.    concealing or disposing of assets with the specific intent of shielding such assets from forfeiture;

g.    providing false, misleading, or incomplete information or testimony, including financial information and testimony provided pursuant to Section A(2), to the United States; or

h.    violating the terms of this agreement or the supplement to the plea agreement in any other manner.

**2.    <u>Consequences of Breach</u>**

In the event of a breach by the defendant, the United States is relieved of its obligations under the agreement and the supplement to the plea agreement.  In particular, the United States may prosecute the defendant for any criminal offense.  In addition, any statements and information provided by the defendant pursuant to this agreement (or the supplement to the plea agreement) or otherwise, and any information and evidence derived therefrom, may be used against the defendant in this or any other prosecution or proceeding without limitation. Such statements and information include, but are not limited to, the plea agreement itself (including the factual basis contained in Section D), the supplement to the plea agreement, statements made to law enforcement agents or prosecutors, testimony before a grand jury or other tribunal, statements made pursuant to a proffer agreement, statements made in the course

of any proceedings under Rule 11, Fed. R. Crim. P. (including the defendant's entry of the guilty pleas), and statements made in the course of plea discussions. The defendant expressly and voluntarily waives the protection afforded by Fed. R. Evid. 410 as to any statements made by him personally (but not as to statements made by his counsel). The defendant is not entitled to withdraw his guilty plea.

### 3.    **Procedure for Establishing Breach**

The United States will provide written notice to the defendant or his attorney if it intends to be relieved of its obligations under the agreement and the supplement to the plea agreement as a result of a breach by the defendant. After providing such notice, the United States may institute or proceed with any charges against the defendant prior to any judicial determination regarding breach. However, the United States will obtain a judicial determination regarding breach prior to using statements and information provided by the defendant or any act of producing documents or items by the defendant pursuant to this agreement or the supplement to the plea agreement, or any evidence or information derived therefrom, in its case-in-chief in a criminal trial or in sentencing the defendant in this case. The standard of proof in any proceeding to determine whether the plea agreement or the supplement to the plea agreement has been breached is preponderance of the evidence. To prove a breach, the United States may use (1) any and all statements of the defendant, (2) any and all statements of his counsel to the Court (including the United States Probation Office), and (3) any representation by defense counsel to the United States that the defendant will not plead guilty.

**F.      WAIVERS BY THE DEFENDANT**

    **1.      Waiver of Trial Rights**

    By pleading guilty, the defendant waives the right to plead not guilty or to persist in a not guilty plea and waives the right to a jury trial. At a trial, the defendant would have the trial rights to be represented by counsel (and if necessary have the Court appoint counsel), to confront and examine adverse witnesses, to be protected against compelled self-incrimination, to testify and present evidence, to compel the attendance of witnesses, and to have the jury instructed that the defendant is presumed innocent and the burden is on the United States to prove the defendant's guilt beyond a reasonable doubt. By waiving his right to a trial and pleading guilty, the defendant is waiving these trial rights.

    **2.      Waiver of Appeal and Collateral Remedies**

    Except as otherwise provided in section A.1 and in this section, the defendant hereby expressly waives the right to appeal his conviction and sentence, including any appeal right conferred by 28 U.S.C. § 1291 and 18 U.S.C. § 3742, and to challenge the conviction and sentence in any post-conviction proceeding, including a proceeding under 28 U.S.C. § 2241, 28 U.S.C. § 2255, or 18 U.S.C. § 3582(c)(2). This waiver applies to any challenge on appeal or in any post-conviction proceeding to any aspect of the defendant's sentence, including imprisonment, fine, special assessment, restitution, forfeiture or the length and conditions of supervised release or probation. The defendant, however, reserves the right to appeal the following: (a) any sentence which is in excess of the statutory maximum; (b) any sentence which is an upward departure pursuant to the Sentencing Guidelines; (c) any non-Guidelines

sentence or "variance" which is above the guidelines range calculated by the Court; and (d) the denial of the defendant's *Motion to Suppress* (Rec. Doc. 35) and *Motion to Dismiss Indictment due to Violation of Speedy Trial Act* (Rec. Doc. 86). Notwithstanding this waiver of appeal and collateral remedies, the defendant may bring any claim of ineffectiveness of counsel.

### 3.    <u>Waiver of Statute of Limitations</u>

The defendant hereby waives all defenses based on the applicable statutes of limitation as to all offenses charged in the Indictment including those that the United States has agreed to dismiss in Section B(1) and all offenses that the United States has agreed not to prosecute, as long as such offenses are not time-barred on the effective date of this agreement. The defendant likewise waives any common law, equitable, or constitutional claim of pre-indictment delay as to such offenses, as long as such offenses are not time-barred on the effective date of this agreement. The waivers contained in this paragraph will expire one year after the date of any of the following: (1) a judicial finding that defendant has breached the plea agreement; (2) the withdrawal of any plea entered pursuant to this plea agreement; or (3) the vacating of any conviction resulting from a guilty plea pursuant to this plea agreement.

### 4.    <u>Waiver of Speedy Trial Rights</u>

The defendant hereby waives any common law, equitable, or constitutional claim regarding post-indictment delay as to all offenses charged in the Indictment including those that the United States has agreed to dismiss in Section B(1). The waiver contained in this paragraph will expire one year after the date of any of the following: (1) a judicial finding that

defendant has breached the plea agreement; (2) the withdrawal of any plea entered pursuant to this plea agreement; or (3) the vacating of any conviction resulting from a guilty plea pursuant to this plea agreement.

G.    **EFFECT OF AGREEMENT**

    1.    **Effective Date**

This agreement and the supplement to the plea agreement are not binding on any party until both are signed by the defendant, defendant's counsel, and an attorney for the United States. Once signed by the defendant, his counsel, and an attorney for the United States, the agreement and the supplement are binding on the defendant and the United States.

    2.    **Effect on Other Agreements**

This agreement incorporates the supplement to the plea agreement which will be filed under seal with the Court. In this district, the Court requires that a sealed supplement be filed with every plea agreement regardless of whether the defendant is cooperating. The supplement either states that the defendant is not cooperating or provides the terms of the defendant's agreement to cooperate. This plea agreement, along with the aforementioned supplement to the plea agreement, supersedes any prior agreements, promises, or understandings between the parties, written or oral, including any proffer agreement.

    3.    **Effect on Other Authorities**

The agreement does not bind any federal, state, or local prosecuting authority other than the United States Attorney's Office for the Middle District of Louisiana.

**4.**     **Effect of Rejection by Court**

Pursuant to Fed. R. Crim. P. 11, the Court may accept or reject this plea agreement and the supplement to the plea agreement.  If the Court rejects the plea agreement and the supplement, the plea agreement and the supplement are no longer binding on the parties and are not binding on the Court.  If the Court rejects the plea agreement and the supplement, the defendant will be given the opportunity to withdraw his plea and such withdrawal will not constitute a breach of the agreement.  If the defendant does not withdraw his plea following rejection of the plea agreement and the supplement, the disposition of the case may be less favorable to the defendant than contemplated by the plea agreement.

**H.**     **REPRESENTATIONS AND SIGNATURES**

**1.**     **By The Defendant**

I, Jason Brown, have read this plea agreement and have discussed it with my attorney. I fully understand the agreement and enter into it knowingly, voluntarily, and without reservation.  I have not been threatened, intimidated, pressured, or coerced in any manner.  I am not under the influence of any substance or circumstance that could impede my ability to understand the agreement and its consequences.

I affirm that absolutely no promises, agreements, understandings, or conditions have been made, agreed to, or imposed by the United States in connection with my decision to plead guilty except those set forth in this agreement and the supplement to the plea agreement.

I acknowledge that no promises or assurances have been made to me by anyone as to what my sentence will be.  I understand that representations by my attorney (or anyone else)

## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA      :
                                        :

   *versus*                     :     CRIMINAL NO. 21-25-JWD-RLB
                                          :

JASON BROWN                    :     **<u>SEALED</u>**

### <u>SUPPLEMENT TO PLEA AGREEMENT</u>

There is no cooperation agreement in this matter.


_____       DATE: 07/29/25
Jason Brown
Defendant


_____       DATE: 7/29/2025
J. Rodney Messina
Counsel for Defendant


_____       DATE: 7/11/25
Ellison C. Travis
Acting United States Attorney
Middle District of Louisiana


_____       DATE:_____
Kristen Lundin Craig
Assistant United States Attorney
Middle District of Louisiana

regarding application of the Sentencing Guidelines and/or my possible sentence are merely estimates and are not binding on the Court.

I have read the Indictment and discussed it with my attorney. I fully understand the nature of the charges, including the elements.

I have accepted this plea agreement and agreed to plead guilty because I am in fact guilty of Count 3 of the Indictment.

I am satisfied with the legal services provided by my attorney and have no objection to the legal representation I have received.

_Jason  Brown_                 DATE: _07/29/25_
Jason Brown
Defendant

**2.**     **By Defense Counsel**

I have read the Indictment and this plea agreement and have discussed both with my client, Jason Brown, who is the defendant in this matter. I am satisfied that the defendant understands the agreement and the charges against him, including the elements. I am also satisfied that the defendant is entering into the agreement knowingly and voluntarily. This agreement, together with the supplement to the plea agreement, accurately and completely sets forth the entire agreement between the defendant and the United States.

_[signature]_                 DATE: _7/25/2025_
J. Rodney Messina
Counsel for Defendant

Jason Brown  Page 14  July 10, 2025

3.    **By the United States**

We accept and agree to this plea agreement on behalf of the United States.   This

agreement, together with the supplement to the plea agreement, accurately and completely sets

forth the entire agreement between the defendant and the United States.

_____        DATE: _____7/11/25_____
Ellison C. Travis
Acting United States Attorney
Middle District of Louisiana


_____        DATE: ___7/2a/25_____
Kristen Lundin Craig
Assistant United States Attorney
Middle District of Louisiana